**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ross Chambers,<br><br>    Plaintiff,<br><br>vs.<br><br>Wells Fargo Home Mortgage; Tiffany & Bosco, P.A., et. al.,<br><br>    Defendants. | No. CV 11-00957-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's motion for a preliminary injunction (doc. 2), Wells Fargo's response (doc. 19), and Wells Fargo's motion to dissolve the temporary restraining order (doc. 32). We also have before us Tiffany & Bosco's motion to dismiss (doc. 15), plaintiff's response (doc. 25), and Tiffany and Bosco's reply (doc.28). In addition we have, Wells Fargo's motion to dismiss (docs. 22 and 35)[1], plaintiff's response (doc. 24), and Wells Fargo's reply (doc. 28).

**I. Background**

This action concerns plaintiff's purchase of real property in Gilbert, Arizona on February 1, 2008. Plaintiff purchased the property after receiving a loan secured by a Deed of Trust from Shae Mortgage in the principal amount of $185,415. On October 7, 2010, Shae

---

[1] Docs. 22 and 35 are the same document.

Mortgage, through MERS, assigned all beneficial interest under the Note and Deed of Trust to Wells Fargo.  Michael Bosco was then appointed as Successor Trustee pursuant to the Deed of Trust.  Around January 2010, plaintiff alleges that he began to experience certain financial hardship and contacted Wells Fargo to inquire about a loan modification.  After being informed that loan modifications were only considered for delinquent homeowners, plaintiff defaulted on his home loan in January 2010.  On February 9, 2010, plaintiff was placed on a temporary repayment plan which reduced his payments for three months, after which a balloon payment was due.  Plaintiff made the temporary payments but defaulted on the balloon payment.  To explain this default, plaintiff submitted a hardship letter to Wells Fargo.  Plaintiff alleges that Wells Fargo then instructed him that he would be granted a permanent loan modification.  On September 3, 2010, plaintiff received a letter from Wells Fargo informing him that no loan modification would be granted.  Plaintiff claims that Wells Fargo miscalculated his debt to income ratio and improperly denied his modification, although plaintiff fails to specify how the calculation was incorrect.

On October 7, 2010, plaintiff received a Notice of Trustee's Sale from the offices of Tiffany & Bosco ordering the Trustee's sale for January 6, 2011.  On November 1, 2010, however, Wells Fargo offered plaintiff a Special Forbearance Agreement under which he could pay a reduced loan payment for three months beginning on December 1, 2010.  Plaintiff eventually defaulted on this payment plan.  Plaintiff alleges that he filed a Qualified Written Request with "defendants," regarding improper fees in his "settlement statement."  However, plaintiff fails to specify what defendant he filed this with or when.  Plaintiff claims that defendants failed to respond and thus he is entitled to relief.

Plaintiff filed this action on May 13, 2011.  The only defendants served are Tiffany & Bosco and Wells Fargo.  We heard plaintiff's motion for preliminary injunction on June 3, 2011.  Since Wells Fargo was not present at the hearing we issued an order temporarily staying the sale of the house pending our ruling on plaintiff's request for a temporary restraining order (doc. 13). We address that motion and the ripe motions to dismiss now.

Plaintiff's complaint fails to specify what claims are asserted against what defendant.

Both Wells Fargo and Tiffany & Bosco move to dismiss the complaint pursuant to Rules 8, 9, 10, and 12(b)(6), Fed. R. Civ. P. Plaintiff's responses are substantially similar and non-responsive. Instead, plaintiff objects to defendants' arguments, asserting that such "affirmative defenses" are not at issue in a Rule 12(b)(6) motion but must be saved for discovery and trial. Plaintiff misunderstands the purpose of a Rule 12(b)(6) motion to dismiss. Such a motion properly may challenge the legal sufficiency of the complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Defendants are well within their authority to argue that the facts as pled fail to entitle plaintiff to relief as a matter of law. We therefore deny plaintiff's motions for sanctions against both Wells Fargo and Tiffany & Bosco. See docs. 24 and 25.

We next turn to whether the complaint satisfies the pleading standards. Rule 8(a), Fed. R. Civ. P. requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a complaint to state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This complaint lacks numbered paragraphs and a short and plain statement of a claim. To the contrary, it is a rambling narrative that requires both defendants and the court to sift through conclusory allegations to discover what causes of action are at issue and against which defendant. We construe plaintiff's complaint liberally, when evaluating it under the pleading standards of Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). However, those pleading standards still apply. See Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2001) (applying Twombly standard to pro se plaintiff). Plaintiff fails to meet these pleading standards and dismissal is appropriate. Because plaintiff also fails to state any plausible claim for relief, we dismiss the complaint on Rule 12(b)(6) grounds as well.

**II. Wells Fargo**

Plaintiff alleges claims for fraud, negligent misrepresentation, fraudulent concealment, and conspiracy to commit fraud based on allegations that various individuals falsely induced plaintiff to enter into a loan which he could not afford, concealed certain material facts about

that loan, and prior to closing, failed to make proper disclosures. Although Wells Fargo was not involved at all in the loan origination, plaintiff claims that it is jointly and severally liable for the original lender's fraud because it took over the loan and demands payments. Defendants argue that it is not jointly and severely liable for the purported torts of Shae Mortgage, or anyone else. The only possible false statements made by Wells Fargo, are its alleged promises to modify plaintiff's loan. Wells Fargo argues that those claims, however, are not pled with particularity and fail to entitle plaintiff to relief.

Plaintiff cannot hold Wells Fargo liable for the purported fraud committed by the original loan company, real estate agent, or broker. Plaintiff's claims for joint and several liability fail as a matter of law.[2] See Schayes v. BAC Home Loans Serv., No. CV-10-1893-PHX-GMS, 2011 WL 2746322, * 2 (D. Ariz. July 15, 2011) (discussing how plaintiff's various claims against the loan servicer were not plausible because the allegations all concerned acts by the original lender). As for Wells Fargo's alleged promises to modify, the complaint fails to state the nine elements required to plead common law fraud in Arizona. Nielson v. Flashberg, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966). Plaintiff does not allege who made the statements or damages. Having postponed the Trustee's Sale, plaintiff could not have suffered damages. Absent an underlying claim for fraud, plaintiff cannot prevail on his claim for conspiracy to commit fraud. Grisham v. Philip Morris USA, 403 F.3d 631, 635 (9th Cir. 2000). Accordingly, we dismiss these claims.

Plaintiff asserts claims for unjust enrichment and breach of the covenant of good faith and fair dealing. The factual underpinnings of the fraud and the breach of the covenant claims are undifferentiated. Similarly, plaintiff alleges that defendants were unjustly enriched by inducing plaintiff to enter into an unaffordable loan and later securitizing that loan. Such claims fail as a matter of law. Wells Fargo was not involved in the loan

---

[2] Plaintiff's claim for intentional infliction of emotional distress against Wells Fargo is also premised on a theory of joint and several liability. We dismiss this claim because there are no allegations that Wells Fargo committed any extreme or outrageous conduct, having not been involved in the loan origination.

- 4 -

origination so it could not have been unjustly enriched. As for the breach of the covenant claim, the Note and Deed of Trust is the contractual agreement between plaintiff and Wells Fargo. Plaintiff wholly fails to allege how Wells Fargo impaired plaintiff's right to "receive the benefits which flow from their agreement or contractual relationship." See Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). Plaintiff admits that he is in default and points to no provision in either document which Wells Fargo has impaired. Dismissal of these claims is granted.

Next, plaintiff alleges that Wells Fargo is liable for negligence because it breached a general duty of care under the Truth in Lending Act ("TILA"), Home Ownership Equity Protection Act ("HOEPA"), and the Real Estate Settlement Procedures Act ("RESPA") with respect to plaintiff's loan transaction. This claim again fails because Wells Fargo was not involved in the loan origination. See e.g., 12 U.S.C. § 2602 (stating that the term "creditor" under TILA refers to a person . . . to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness"). Moreover, plaintiff's loan originated on February 1, 2008. Any negligence claims arising out of the loan against any defendant are barred by the two year statute of limitations. A.R.S. § 12-542.

Many of plaintiff's other claims also are time barred. Plaintiff generally alleges violations of the TILA and the HOEPA. Actions for damages under the TILA and the HOEPA must be commenced within one year after the occurrence of the alleged violation. See 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Here, the loan originated over three years ago on February 1, 2008. Therefore, these claims are time barred. Similarly, to the extent that plaintiff alleges a violation of RESPA based on 12 U.S.C. §§ 2607-2608, it is time barred by the one year statute of limitations in § 2614.

Plaintiff argues that his claims are subject to equitable tolling stemming from a fiduciary duty and fraud. Wells Fargo is not, however, a fiduciary to plaintiff because there is nothing indicating that their relationship is anything other than creditor and debtor. See Valley Natl. Bank of Phoenix v. Elect. Dist. No. 4, 90 Ariz. 306, 316, 367 P.2d 655, 662

(1961) (stating that "the relationship between a Bank and an ordinary depositor, absent any special arrangement, is that of debtor and creditor"). Nor does plaintiff plead any facts, other than conclusory allegations, showing fraudulent concealment by Wells Fargo that would have prevented him from discovering any wrongdoing. See Guerro v. Gates, 442 F.3d 697, 706-07 (9th Cir. 2006); see also Cervantes v. Countrywide Home Loans, Inc., No. CV 09-571-PHX-JAT, 2009 WL 3157160, *4 (D. Ariz. Sept. 24, 2009) (dismissing a similar claim for equitable estoppel).

Plaintiff alleges other violations of RESPA, including assertions that defendants breached their duty to provide a response to plaintiff's qualified written request ("QWR"). Wells Fargo argues that plaintiff's alleged inquiry was not a QWR. Pursuant to 12 U.S.C. § 2605(e)(1)(B), a QWR must be: 1) a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that 2) includes, or otherwise enables the servicer to identify the name and account of the borrower; and 3) includes a statement of the reasons for the borrower's belief that the account is in error or provides sufficient detail to the servicer regarding other information sought. It must also be related to the servicing of the loan, and plaintiff must allege actual damages. § 2605(e)(1)(A), (f)(1).

Here, the purported QWR claimed that plaintiff's "settlement statement" did not contain documentation to show that certain fees were forbidden, that the amounts were reasonable, and that there was no markup by the lender. Such inquiries are not related to the servicing of the loan, see § 2605(i)(e), nor does plaintiff include a statement showing how the account is in error. Instead, plaintiff relies on conclusory statements to demonstrate a RESPA violation. Dismissal is appropriate because no relief is available under RESPA.

Plaintiff also seems to allege that Wells Fargo violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, by releasing false information and failing to provide certain information such as credit scores, notices of adverse action, notices of risk-based pricing, and Investigative Consumer Report disclosures. The complaint, however, lacks any allegations about who allegedly furnished such false information, much less what the information was.

- 6 -

As for plaintiff's claims regarding failure to produce information, the complaint does not specify how Wells Fargo was obligated to provide such notices or how plaintiff has been damaged. Moreover, much of the information sought relates to plaintiff's loan origination, of which Wells Fargo was not involved. Plaintiff simply lists certain provisions of the FCRA and states that defendants, in general, violated them. Like many of the other claims, such generalized allegations do not state plausible claims for relief.

Finally, we dismiss any and all other causes of action vaguely asserted throughout the complaint. For example, plaintiff makes generalized and conclusory statements that by securitizing the Note and Deed of Trust a "permanent cloud on the title of plaintiff's property" was created. Complaint at 41. Or that the "Lender and Appraiser harmed Plaintiff by violating the federal Racketeering Influenced and Corrupt Practice Act." Id. at 16. Simply adding in one sentence accusations, devoid of any factual underpinnings or legal theory, does not state a plausible claim for relief. The same holds true for plaintiff's assertions that Wells Fargo, or Tiffany & Bosco, is incapable of foreclosing absent actual possession of the note, that the Deed of Trust is invalid, or that defendants lack standing to conduct a non-judicial foreclosure. The court has repeatedly held that such claims are legally insufficient. See e.g., Diessner v. MERS, 618 F. Supp. 2d 1184, 1187-88 (D. Ariz. 2009). We therefore dismiss all claims asserted against Wells Fargo with prejudice.

**III. Tiffany & Bosco**

Plaintiff makes various claims against Tiffany & Bosco in relation to its duties as trustee. Tiffany & Bosco, however is simply a law firm and not the trustee. Instead, non-party Michael A. Bosco, Jr., an attorney at Tiffany & Bosco, was appointed as the substitute trustee. He is named in the complaint but has not been served. Because Tiffany & Bosco is not the trustee, and therefore none of the allegations asserted against it are plausible, we dismiss the claims with prejudice.

Even though Mr. Bosco has yet to be served, we would dismiss him pursuant to A.R.S. § 33-807(E), which provides that "the trustee need only be joined as a party in legal actions pertaining to a *breach of the trustee's obligations under this chapter or under the*

*deed of trust*. . . . If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed" (emphasis added). Here, none of the allegations asserted against Tiffany & Bosco contain allegations that it, or Mr. Bosco, breached its obligations as trustee. The claims asserted against Tiffany & Bosco, rather, are the same claims asserted against all defendants (fraudulent concealment, negligence, unjust enrichment, and breach of the covenant of good faith and fair dealing). Accordingly, we dismiss all claims against Tiffany & Bosco with prejudice.[3]

**IV. Conclusion**

Therefore, we dismiss plaintiff's complaint against Wells Fargo and Tiffany & Bosco with prejudice because amendment would be futile. We note that plaintiff has failed to serve any other defendant. The current complaint does not comply with Rule 8, 9, or 10, Fed. R. Civ. P., and therefore we dismiss it against all defendants without prejudice.

Should plaintiff seek to bring a new amended complaint against the defendants that have not been served, such as the original lender, he must file a motion for leave to file an amended complaint by August 22, 2011. The motion must attach the proposed amended complaint and must comply with Arizona Local Rules of Civil Procedure 15.1. Plaintiff must also serve defendants in compliance with Rule 4(m), Fed. R. Civ. P.

Plaintiff is advised that we will not authorize the filing of an amended complaint that is similar to the original. It must be a "short and plain statement of the claim showing that the pleader is entitled to relief" and not simply based on conclusory allegations. It must state claims, in numbered paragraphs, and specify which defendant it is asserted against. Plaintiff shall not set forth claims that we have rejected already as insufficient as a matter of law.

Accordingly, **IT IS ORDERED GRANTING** Wells Fargo and Tiffany & Bosco's motions to dismiss (docs. 22, 35, and 15) with prejudice, **GRANTING** Wells Fargo's motion to dissolve the temporary restraining order (doc. 32), and **DENYING** plaintiff's motion for

---

[3] We note that Tiffany & Bosco requests an award of attorneys' fees pursuant to § 33-807(E). They must do so in a separate motion. See LRCiv. 54.2.

- 8 -

preliminary injunction (doc. 2). The temporary restraining order (doc. 13) is dissolved.

**IT IS FURTHER ORDERED** that plaintiff must seek leave of court to file an amended complaint. If no such motion is filed by August 22, 2011, the Clerk is directed to dismiss the case with prejudice in its entirety.

Finally, **IT IS ORDERED DENYING** the motion to strike (doc. 20), the motion for discovery (doc. 27), and motion for summary disposition (doc. 33) as **MOOT.**

DATED this 22nd day of July, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge